UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAMON RASHAWN DIXON,<br><br>                Defendant. | Criminal No. 06-308 |

**DETENTION MEMORANDUM**

      The Defendant, Damon Rashawn Dixon, has been charged by indictment with Conspiracy to Possess with Intent to Distribute and to Distribute in Excess of 100 Grams or More of Phencyclidine ("PCP") in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); and Possession with Intent to Distribute Approximately 388.4 Grams or More of Phencyclidine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The Government requested a detention hearing, which was held on November 6, 2006. At the conclusion of the detention hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

      At the detention hearing, the Government proffered that on November 1, 2005 the

Washington Metropolitan Police Department ("MPD") arrested the Defendant following a traffic stop. MPD discovered over 380 grams of PCP in the Defendant's car. Approximately eight grams of the PCP were found in a small flask, and two other amounts of it were found in lemon juice bottles. Upon his arrest, the Defendant admitted to his role in a known drug conspiracy involving the distribution or sale of approximately 30 kilograms of PCP. During a subsequent arrest shortly before the November 6 detention hearing, law enforcement found the Defendant in possession of $3300 in cash. The Defendant admitted that he had obtained these funds by selling PCP.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that the defendant's pretrial release would constitute an unreasonable risk of danger to the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). When, as here, there is probable cause to believe that a defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community.

Here, the government seeks pre-trial detention on the grounds that the Defendant poses a danger to the community.  In determining whether there are conditions of release which will reasonably assure the safety of the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. §3142(g).

The first factor, the nature and circumstances of the offense, favors detention.  The Defendant is charged with conspiracy and possession of PCP, serious narcotics offenses carrying a maximum prison term of 10 years or more.

The second factor, the weight of the evidence, also favors detention.  Last year, MPD officers found the Defendant in possession of over 380 grams of PCP, some or all of which had been stored in separate containers.  Also, the Defendant admitted to his role in a large drug conspiracy which involved the distribution or sale of approximately 30 kilograms of PCP.  Finally, upon a recent arrest, the Defendant admitted his continued involvement in the sale of PCP.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. The Defendant has strong ties to the community, having lived with his mother in the same residence for over 10 years.  He also has children in the area.  However, since his initial arrest last year for possession of PCP, he has continued his involvement in the PCP drug trade.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention.  Although the instant charges did not involve violent

activity, the Defendant has been involved in the distribution or sale of a significant amount of PCP, a dangerous and illegal substance that causes violence in the Washington, D.C. area.

## **Conclusion**

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Therefore, the Government's motion for pretrial detention is granted and the Defendant is to be held without bond pending further actions of this court.


Dated: November 9, 2006                                /s/
                                                                           ALAN KAY
                                                                           UNITED STATES MAGISTRATE JUDGE