## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.    : | CRIMINAL NO. 06-308 (RBW) |
| : | |
| DAMON RASHAWN DIXON : | |
| : | |
| _____ : | |

### GOVERNMENT'S REPLY TO DEFENDANT'S
### RESPONSE TO GOVERNMENT'S MOTION TO
### EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

Now comes Attorney General Alberto Gonzalez, by and through Special Attorneys General, Paul Camilletti and Thomas O. Mucklow, who, state as follows:

1. By Order entered the 30th day of October, 2006 in the related case, *United States of America v. Darnell Jackson, et al.*, Criminal No. 06-227 (RBW), the Court granted the Government's Motion to Exclude 180 days from the calculations of the Speedy Trial Act until March 29, 2007 pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii). In effect, the Court granted the Government's Motion to Exclude Time in the *Darnell Jackson* case upon its finding that "the case is so unusual or complex, especially in light of the number of defendants and the extensive and wide-ranging ongoing investigation which led to these indictments, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [in the Speedy Trial Act]. 18 U.S.C. § 3161(h)(8)(B)(ii)."

2. The prosecution against Defendant, Damon Dixon, 06-308, was separated from that of his co-conspirators, Darnell Jackson, et al., 06-227, because a close relative of Defendant, Dixon's is employed by the United States Attorney's Office in the District of Columbia. Accordingly, the Department of Justice appointed Assistant

United States Attorneys, Paul T. Camilletti and Thomas O. Mucklow as Special Assistants to the Attorney General for the purposes of prosecuting Dixon.

3. By Order of the Court, the prosecution of Damon Dixon was recognized as a related case to the prosecution of Darnell Jackson, et al. and was accordingly placed on Judge Walton's calendar for further proceedings. Consistent with the United States' Motion for Exclusion of Time in the Darnell Jackson prosecution, the United States has moved for a similar exclusion of time in the Damon Dixon prosecution.

4. Count 1, a 21 U.S.C. § 846 conspiracy in the Damon Dixon prosecution is the same conspiracy as alleged in *United States v. Darnell Jackson, et al.*, criminal number 06-227.

5. The events of Count 2 in the Damon Dixon prosecution, a traffic stop and seizure of PCP from Dixon are an overt act of the Count 1 conspiracy.

6. No severance of Count 1 from Count 2 has been sought nor granted in the Damon Dixon prosecution.

7. A denial of the Government's motion for exclusion of time in the Damon Dixon prosecution would place the prosecution of *Jackson, et al.* and Dixon onto different tracks necessitating two trials involving essentially the same witnesses, evidence and proof.

8. In his response, Dixon has suggested that a sixty day period of time should be sufficient for Mr. Dixon to complete trial preparation. However, Mr. Dixon has not suggested when that sixty day period should begin or end.

9. A sixty day period from January 12, 2007, the date scheduled for status conferences in both cases, 06-227 and 06-308 would conclude on or about March 12, 2007.

10. This is only sixteen days shy of the excludable time requested by the Government: until March 29, 2007. These additional 16 days will not prejudice the Defendant and will enable the Court to keep the related cases on the same schedule allowing a unitary trial and promoting the efficient administration of justice. The Supreme Court has recognized that "ends of justice" continuances pursuant to 18 U.S.C. § 3161(h)(8), combine "substantive openendedness with procedural strictness." *Zedner v. United States*, __ U.S. ___, 126 S.Ct. 1976, 1990 (2006). Keeping related cases together for trial purposes serves the substantive interests of 18 U.S.C. § 3161(h)(7): keeping co-defendants together for trial. Granting the Government's Motion for the reasons stated in *Darnell Jackson, et al.* respects procedural strictness. Accordingly, the United States prays that the Court grant its motion for excludable time to March 29, 2007.

        RESPECTFULLY SUBMITTED,
        PAUL T. CAMILLETTI
        THOMAS O. MUCKLOW
        SPECIAL ATTORNEYS TO THE UNITED
        STATES ATTORNEY GENERAL

By: /s/ Paul T. Camilletti
     Paul T. Camilletti
     Thomas O. Mucklow
     Assistant United States Attorneys
     217 West King Street
     Suite 400
     Martinsburg, WV 25401
     (304) 262-0590

CERTIFICATE OF SERVICE

I, Paul T. Camilletti, Special Attorney to the United States Attorney General for the District of Columbia hereby certify that on the 9th day of January, 2007, the foregoing Government's Reply to Defendant's Response to Government's Motion to Exclude Time under the Speedy Trial Act was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Steven J. McCool
Attorney at Law
1776 K. Street, N.W., Suite 200
Washington, D.C. 20006

RESPECTFULLY SUBMITTED,
PAUL T. CAMILLETTI
THOMAS O. MUCKLOW
SPECIAL ATTORNEYS TO THE UNITED
STATES ATTORNEY GENERAL

By:    /s/ Paul T. Camilletti
Paul T. Camilletti
Thomas O. Mucklow
Assistant United States Attorneys
217 West King Street
Suite 400
Martinsburg, WV 25401
(304) 262-0590