UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal Action No. 06-308 (RBW) |
| DAMON RASHAWN DIXON, | ) |
| Defendant. | ) |

**ORDER**

Currently before the Court in this case is the government's motion for exclusion of time under the Speedy Trial Act.[1] This case is related to United States v. Darnell Jackson, et al., Crim. No. 06-227 (RBW), a twelve-defendant case for which the time period between September 29, 2006, and March 29, 2007, has been excluded from Speedy Trial Act calculations by the Court. Order at 2, United States v. Jackson (Crim. No. 06-227) (October 27, 2006). In Jackson, the Court concluded that "'the case is so unusual or complex,' especially in light of the number of defendants and the extensive and wide-ranging ongoing investigation which led to these indictments, 'that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [in the Speedy Trial Act].'" Id. (quoting 18

---

[1] The Speedy Trial Act requires that a defendant be brought to trial within seventy days of either the defendant's first appearance before a judicial officer or the filing of an indictment, whichever is later. 18 U.S.C. § 3161(c)(1) (2000). The Act further provides that the judge may exclude time from Speedy Trial Act calculations upon a finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). One factor that may be taken into account in making this finding is whether "[a] case is so unusual or complex, due to the number of defendants[ or] the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [in the Act]." 18 U.S.C. § 3161(h)(8)(B)(ii).

1

U.S.C. § 3161(h)(8)(B)(ii)). It is clear from the caselaw that "exclusion to one defendant applies to all co-defendants," United States v. Edwards, 627 F.2d 460, 461 (D.C. Cir. 1980), cert. denied, 449 U.S. 872 (1980), and, although defendant Dixon is not formally a co-defendant of those defendants named in Jackson, he is alleged to be part of the same drug trafficking conspiracy and will be tried in the same proceedings.[2] See Government's Motion for Exclusion of Time Under the Speedy Trial Act ("Motion") at 2-3; Government's Reply to Defendant's Response to Government's Motion to Exclude Time Under the Speedy Trial Act ("Reply") at 2. As with Jackson, the government here seeks to exclude the time period from November 5, 2006, until March 29, 2007, from Speedy Trial Act calculations, in light of the "vast amount of evidentiary material [that] will prolong the discovery process and necessitate a lengthy period of time for pretrial preparation." Id. at 3. After carefully reviewing the government's motion, the defendant's opposition, and the facts of this case, the Court concludes that the complexity of this case, and particularly the quantity of evidence involved and the extensive and wide-ranging ongoing investigation into the alleged drug trafficking conspiracy that forms the predicate for the indictments here and in Jackson, make "it . . . unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [in the Speedy Trial Act]."[3] 18 U.S.C. § 3161(h)(8)(B)(ii). Accordingly, it is hereby

---

[2] Defendant Dixon is named separately from the defendants in Jackson, and is being prosecuted by the United States Attorney's Office for the Northern District of West Virginia, "[b]ecause a close relative of Dixon's is employed by the United States Attorney's Office for the District of Columbia." Motion at 2 n.1.

[3] As the government notes, "[a] denial of [its] motion for exclusion of time in the Damon Dixon prosecution would place the prosecution of [Jackson] and Dixon onto different tracks necessitating two trials involving essentially the same witnesses, evidence[,] and proof." Reply at 2.

**ORDERED** that the government's motion for exclusion of time is GRANTED. The time period between November 5, 2006, and March 29, 2007, is excluded from Speedy Trial Act calculations.

**SO ORDERED** this 11th day of January, 2007.

REGGIE B. WALTON
United States District Judge