FILED
MAY 10 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 06-308 (RBW) |
| ) | |
| DAMON RASHAWN DIXON, ) | |
| ) | |
| Defendant. ) | |

### ORDER

On April 20, 2007, the Court issued an Order and <u>Ex Parte</u> Memorandum Opinion ("Opinion") denying the defendant's First <u>Ex Parte</u> Motion for Authorization of a Subpoena Pursuant to Rule 17(c) ("Motion"). Specifically, the Court declined to authorize the defendant's request for "a subpoena directing the Metropolitan Police Department of the District of Columbia to produce 'data from 2004 through 2005 regarding the number of notices of infraction issued in the District of Columbia to motorists for violating D.C. Municipal Regulation § 18-422.8, and the race, age and gender of the motorists who were issued these notices of infraction.'" Opinion at 1 (quoting Motion at 1) (internal bracketing omitted). The Court concluded that this data would not be a relevant factor in the assessment of whether the defendant is entitled to relief on his claim "that law enforcement agents violated [his] Fourteenth Amendment rights by selectively enforcing traffic laws against him because of his race."[1] Motion ¶ 5.

---

[1] According to the defendant, this selective enforcement claim would be advanced in support of possible motions to dismiss the indictment, Motion ¶ 5, and "to suppress the evidence allegedly [recovered from his vehicle] by the police . . . on November 1, 2005," <u>id.</u>

1

Because the issues presented by the defendant's motion are largely matters of first impression in this jurisdiction, the Court directed the defendant to show cause by May 4, 2007, why the contents of his requested Rule 17(c) subpoena should remain ex parte, and why the Memorandum Opinion should not be made available for publication. On May 4, 2007, the defendant filed an Ex Parte Motion for Reconsideration with Accompanying Memorandum of Points and Authorities ("Second Motion"). In this motion, the defendant expanded the scope of information sought by the Rule 17(c) subpoena, Second Motion at 2-3, and presented further arguments in support of his original Rule 17(c) motion, id. at 1-2. In addition, the defendant reiterated his contention that "Ex Parte applications under Rule 17(c) are necessary to protect a defendant's Sixth Amendment rights." Id. at 3 (citing United States v. Beckford, 964 F. Supp. 1010 (E.D.Va. 1997)). The defendant acknowledges, however, that this proposition has no basis in the caselaw of this jurisdiction. Id.; see also Opinion at 2 (stating that there is "no caselaw in this jurisdiction regarding the propriety of ex parte applications for subpoenas under Rule 17(c)," and expressing "extreme[] skeptic[ism] that it was necessary in this instance for the defendant to file his Rule 17(c) application ex parte). Moreover, even the Eastern District of Virginia case cited by the defendant in support of his position regarding the appropriateness in this instance of an ex parte application states emphatically that "ex parte process [cannot] be used to seek documents as to which both parties will have pretrial access." Beckford, 964 F. Supp. at 1030 (citation omitted). Because both of the motions contemplated by the defendant in connection with this subpoena request—that is, a motion to dismiss the indictment and a motion to suppress the evidence seized by the police on November 1, 2005, see Motion ¶ 5—would be pretrial motions, see Fed. R. Crim. P. 12(b)(3) (stating that motions that "must be raised before trial

[include] . . . a motion alleging a defect in instituting the prosecution . . . [and] a motion to suppress evidence"), it is uncontroverted that the defendant now "seek[s] documents as to which both parties will have pretrial access." Beckford, 964 F. Supp. at 1030; see also Fed. R. Crim. P. 47 (setting forth procedure for pretrial motions and stating that such motions must be served in writing upon opposing parties). To the extent that the defendant is seeking to use the information requested in his Rule 17(c) subpoena as the predicate for pretrial challenges to which the government will have the right to respond, the government will be entitled to view the requested documents before trial in any event. And, based on the facts presented here, it is difficult for this Court to understand why the government should therefore be excluded from voicing its position regarding the defendant's Rule 17(c) application. As the Beckford Court notes,

> a district court may be warranted in exercising its discretion to permit ex parte [application under Rule 17(c)] . . . [i]n those rare situations where mere disclosure of the application for a pretrial subpoena would: (i) divulge trial strategy, witness lists or attorney work-product; (ii) imperil the source or the integrity of subpoenaed evidence; or (iii) undermine a fundamental privacy or constitutional interest of the defendant.

Beckford, 964 F. Supp. at 1030; see also id. (stating that "a party seeking to proceed ex parte [in an application for a Rule 17(c) subpoena] will have to meet a heavy burden to proceed in that fashion"). Relying on Beckford, the defendant asserts that "[s]hould [his Rule 17(c)] request be published to the [g]overnment, the prosecutors will learn well in advance of trial undersigned counsel's initial thoughts regarding the defense in this matter." Motion ¶ 10. Again, however, the defendant represents that the information he seeks may be used in support of pretrial motions for dismissal of the indictment or suppression of the evidence against him. See id. ¶ 5. Thus, disclosure of the information in this instance will not divulge, and does not otherwise implicate,

the defendant's <u>trial</u> strategy, nor will his Sixth Amendment rights be compromised if the government were to weigh in, as it must be given the opportunity to do, in opposition to any pretrial motions the defendant might make. There is therefore no reason that the government should not likewise have the opportunity to contest the acquisition, through a Rule 17(c) subpoena, of information the defendant would use to mount any such pretrial challenge. Thus, absent extraordinary circumstances, which are assuredly not present here, the Court cannot be placed in the position of evaluating the legitimacy of the defendant's positions regarding the appropriateness of the requested subpoena and the relevance of the information sought therein without "an adversarial process wherein the [government is] provided notice and an opportunity to challenge [the defendant's] motion for the issuance of a pretrial subpoena duces tecum." <u>Beckford</u>, 964 F. Supp. at 1026; <u>see also</u> <u>United States v. Urlacher</u>, 136 F.R.D. 550, 557 (W.D.N.Y. 1991) (stating that "it is difficult to discern how an adversary presentation of the motion for issuance of the subpoena duces tecum would impinge on the defendant's rights against . . . premature disclosure of his trial strategy") (internal quotation marks, bracketing, and citation omitted). Accordingly, it is hereby

**ORDERED** that the April 20, 2007 <u>Ex Parte</u> Memorandum Opinion issued by the Court in this matter be made available for publication. A public copy of that Opinion accompanies this Order. It is further

**ORDERED** that the defendant's Motion for Reconsideration is DENIED without prejudice. Should the defendant desire to make further submissions in support of a motion for authorization of a subpoena pursuant to Rule 17(c), he may do so by June 8, 2007. If such

4

submissions are made, the government shall file its opposition by July 9, 2007. The defendant's reply, if any, shall be filed by July 23, 2007.

**SO ORDERED** this 10th day of May, 2007.

_____<br>
REGGIE B. WALTON<br>
United States District Judge