**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No.  06-308 (RBW)** |
| | ) | |
| DAMON RAWSHAWN DIXON | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DAMON DIXON'S MOTION TO PRECLUDE IMPEACHMENT OF**
**DEFENDANT WITH EVIDENCE OF PRIOR CONVICTIONS AND INCOPORTATED**
**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant, Damon Dixon, by and through undersigned counsel, respectfully moves this Honorable Court for an order precluding the Government from impeaching him should he testify at trial.  In support of this motion, Mr. Dixon submits the following.

Federal Rule of Evidence 609 provides, *inter alia*, that "evidence that an accused has been convicted of ... a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect of the accused." Fed. Rule Evid. 609 (a)(1).  The Rule also provides that "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Fed. Rule Evid. 609 (a)(2).  Under Rule 609 (a)(1) "the prosecution must show that the probative value of a prior conviction outweighs the prejudice to the defendant." *United States v. Lipscomb*, 702 F.2d 1049 (D.C. Cir. 1983).  In this case, the Government cannot make the requisite showing with respect to Mr. Dixon's prior convictions.

In *United States v. Fearwell*, 595 F.2d 771 (D.C. Cir. 1978), the D.C. Circuit admonished that, "Rule 609 (a)(2) is to be construed narrowly; it is not carte blanche for admission on an

undifferentiated basis of all previous convictions for purposes of impeachment; rather, precisely because it involves no discretion on the part of the trial court in the sense that all crimes meeting its stipulation of dishonesty or false statement must be used for impeachment purposes, Rule 609 (a)(2) must be confined ... to a 'narrow subset of crimes' - those that bear directly upon the accused's propensity to testify truthfully." *Id*., at 777, *citing United States v. Smith*, 551 F.2d 348 (D.C. Cir. 1976)(emphasis in original). In Mr. Dixon's case, his convictions have no bearing upon his propensity to testify truthfully.

In *Smith*, the D.C. Circuit explained that "[b]y the phrase 'dishonesty and false statement' the [Congressional Conference Committee] means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." 551 F.2d at 362, *citing* H.R. Conf. Rep. No. 9301597, 93d Cong. Sess. 9, reprinted in [1974] U.S. Code Cong. & Admin. News, pp. 7098, 7103. Further, the *Smith* court noted that even an offense that does not *per se* bear on credibility may be used to impeach if "the prosecutor has first demonstrated to the court the underlying facts which warrant the dishonesty or false statement description." *Id.*, at 364. It is the Government's burden to "produc[e] fact[s] which demonstrat[e] that the particular conviction involved fraud or deceit." *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982), *citing United States v. Smith*, 551 F.2d at 364.

In Mr. Dixon's case the Government has produced no information suggesting that the offenses for which he has been convicted involved fraud or deceit. The D.C. Circuit has held that the Government bears "the burden of proof in establishing the admissibility of [a] prior conviction[]." *United States v. Crawford*, 613 F.2d 1045, 1053 (D.C. Cir. 1979)(citations

omitted).  This Court should not allow the Government to impeach Mr. Dixon with his prior

convictions absent an "inquiry into the nature and circumstances" of those convictions.  *Id.*, at

1053.

WHEREFORE, for all the foregoing reasons, and any others which may appear to this

Court in a full hearing on this matter, Mr. Dixon respectfully requests that the Government not

be permitted to impeach him under Federal Rule of Evidence 609 with his prior convictions.

Respectfully submitted,


_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W.
Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Damon Dixon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the following attorneys of record in the above-captioned:

Paul T. Camilletti
U.S. Attorney's Office for the
  Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Tom Mucklow
U.S. Attorney's Office for the
  Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Emory Vaughan Cole
U.S. Attorney's Office for the
  District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

S. Elisabeth Poteat
U.S. Attorney's Office for the
  District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

_____
STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No.  06-308 (RBW)** |
| | ) | |
| **DAMON RAWSHAWN DIXON** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Upon consideration of Defendant Damon Dixon's Motion to Preclude the Government's Use of Prior Convictions under Fed. R. Evid. 609, the Incorporated Memorandum of Points and Authorities, the Government's response thereto, and the entire record in this case, it is this ____ day of June 2007, hereby

ORDERED that Defendant Dixon's motion is granted; and it is

FURTHER ORDERED that the Government shall be precluded from introducing evidence of Defendant's alleged prior convictions.

_____
THE HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT COURT JUDGE