**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  06-308 (RBW) |
| | ) | |
| DAMON RAWSHAWN DIXON | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DAMON DIXON'S MOTION FOR A BILL OF PARTICULARS
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Damon Dixon, by and through undersigned counsel and pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, moves this Court to direct the Government to file a bill of particulars. Mr. Dixon seeks a bill of particulars so that, among other things, he may adequately prepare his defense and avoid prejudicial surprise at trial.

### I.  PARTICULARS SOUGHT BY MR. DIXON[1]

1. Identify the exact date, time and place when Mr. Dixon first participated in any overt act in support or furtherance of the claimed conspiracy.[2]

---

[1] References to any allegation or matter in this motion and incorporated memorandum in order to obtain the particulars of the alleged facts or matters do not constitute an admission.

[2] "Identify" when used in reference to a natural person means to state his or her: (1) full name; (2) present or last known business and residence addresses and telephone numbers; (3) present or last known official business position; and (4) business affiliation, address and title. "Identify" when used in reference to a business entity means to state its: (1) full name; (2) present or last known form of organization (*e.g.*, corporation, partnership); and (3) present or last known address of its principal place of business. "Identify" when used in reference to a document means to provide, with respect to it, the following information: (1) the date or approximate date and (2) its title or heading, nature (*e.g.*, letter, telegram, memorandum), substance, and location, with sufficient particularity to enable it to be easily identified by its custodian in response to a subpoena *duces* (footnote continued on next page . . . )

2. Identify the exact date(s), time(s) and place(s) when Mr. Dixon engaged in any subsequent overt act(s) in support of the claimed conspiracy.

3. Describe the nature of any acts or statements Mr. Dixon allegedly engaged in or uttered to further the alleged conspiracy. Include the name, address and phone number of each person present when such acts were committed.

4. Describe how state or federal law enforcement officials determined Mr. Dixon was involved in a conspiracy. Produce all information or evidence supporting this belief.

5. Identify the exact date, time and place when the conspiracy began. State the name, address and phone number of all persons present when the conspiracy began.

6. Identify the exact date, time and place when\where Mr. Dixon joined in the conspiracy. State the name, address and phone number of all persons present when Mr. Dixon joined the conspiracy.

7. Identify the date and location of each overt act alleged in the Indictment. List the name, address and phone number of all persons present at each alleged overt act.

8. Identify the name, address and phone number of all persons having knowledge, demonstrating that defendant "conspired" with anyone.

9. Identify and provide addresses and phone numbers of all persons who were allegedly co-conspirators with the defendant. Specify when they joined or left the conspiracy and describe

---

*tecum* or a motion to produce. "Describe" means to provide with respect to any act, occurrence, transaction, event, statement, communication or conduct all facts concerning any such act, including but not limited to, a description of each act, the date, the location, and the names and addresses of all persons involved.

their participation.

10. Identify the "persons known" alleged to be part of the conspiracy in Count I and a full description of the persons "unknown" also alleged to be part of the conspiracy in Count I.

11. Describe whether the alleged conspiracy was express or implied on the part of defendant and each co-conspirator. If express, state the express agreement. If implied from acts, meetings or statements, describe them.

## II. ARGUMENT

Rule 7(f) of the Federal Rules of Criminal Procedure permits the Court to direct the Government to state with particularity the allegations against a defendant so he will be sufficiently informed of the charge which he will have to defend at trial. Fed. R. Crim. P. 7(f). For the reasons set forth below, the Court should direct the Government to file a bill or particulars.

The Indictment in this case fails to provide Mr. Dixon with sufficient information as to the charges against him. Under such circumstances, when the indictment is too vague, a bill of particulars is necessary. *United States v. McDade,* 827 F. Supp. 1153, 1187 (E.D. Pa. 1993)(citations omitted). Thus, the Court should order the Government to file a bill of particulars of the matters alleged in the Indictment.[3]

Rule 7(f) of the Federal Rules of Criminal Procedure empowers the Court to direct the

---

[3] An indictment need not be invalid for vagueness for the court to grant a bill of particulars. Seeking a bill of particulars is the "proper course" even where an indictment is "sufficiently detailed" to "apprise[] the accused of the charge against him so that he can prepare his defense" and "enable[] the accused to plead the Double Jeopardy bar to reprosecution if he is later charged with the same offense." *United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1046-47 (4th Cir.1987).

Government to file a bill of particulars. Fed. R. Crim. P. 7(f). The Court has "very broad discretion" in ruling on such requests. *Will v. United States,* 289 U.S. 90, 98-99 (1967). "The proper office of a bill of particulars in criminal cases is to furnish to the defendant <u>further information</u> respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial," and when necessary for those purposes, it is to be granted even though it requires "the furnishing of information which in other circumstances would not be required because evidentiary in nature," and an accused is entitled to this "as a right." *United States v. United States Gypsum, Co.,* 37 F. Supp. 398, 402 (D.D.C. 1941)(emphasis added); *see also United States v. Butler,* 822 F.2d 1191, 1193 (D.C. Cir. 1987)("A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges [and] to prepare a defense…."); *United States v. Fletcher,* 74 F.3d 49, 53 (4th Cir. 1996)("The purpose of a bill of particulars is to amplify the indictment by providing missing or additional information so that the defendant can effectively prepare for trial."), *cert. denied,* 519 U.S. 857 (1996).

Rule 7(f) no longer requires a showing of cause before a court may order a bill of particulars. Fed. R. Crim. P. 7(f). The rule is "designed to encourage a more liberal attitude by courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual case." *Notes of Advisory Committee on Rules*, 39 F.R.D. 69, 170 (1966). Indeed, defendants must be given the benefit of the doubt in "gray areas." *United States v. Thevis*, 474 F. Supp 117, 124 (N.D. Ga. 1979), *aff'd all other grounds*, 665 F.2d 616 (5th Cir. 1982). "The net result of the change seems to have been to increase the instances in which

particulars are granted, thus contributing to a desirable decline in the 'sporting theory' of criminal justice." *United States v. Addonzio*, 451 F.2d 49, 64 (3d Cir. 1971), *cert. denied*, 405 U.S. 1048 (1972); *see also* Advisory Committee Note to Fed. R. Crim. P. 7(f).

Any reluctance by the Government to reveal its case "must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense." *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del 1971). Thus, while the justification for particulars in this instance are manifest, any uncertainties as to whether a bill of particulars should be provided in this instance should be resolved in favor of disclosure to Mr. Dixon. *See United States v. Rogers*, 617 F. Supp. 1024, 1028 (D. Colo. 1985) ("If the competing interests of the defense and the Government are closely balanced, the interests of the defendant in disclosure must prevail.").

The Government's alleges that Mr. Dixon conspired with certain unnamed persons to possess with the intent to distribute PCP. The Court should require the government to disclose identities of the unnamed co-conspirators. *See United States v. Trie*, 21 F. Supp. 2d 7, 22 (D.D.C. 1998)(names of unindicted co-conspirators to be provided in bill of particulars). Unless Mr. Dixon is provided with the requested information, he will be severely prejudiced at trial, because he will not have sufficient time to rebut the Government's allegations that he had anything to do with this so-called PCP conspiracy. *See United States v. Hsia*, 24 F. Supp. 2d 14, 30-32 (D.D.C. 1998)(ordering particulars as to, *inter alia*, unnamed co-conspirators and to how defendant caused alleged false statements to be made)(citations omitted).

WHEREFORE, for the foregoing reasons, and any others which may appear to the Court, Mr. Dixon requests that the Court grant his motion for a bill of particulars.

                                      Respectfully submitted,


                                      _____/s/_____
                                      STEVEN J. McCOOL
                                      D.C. Bar No. 429369
                                      MALLON & McCOOL, LLC
                                      1776 K Street, N.W., Suite 200
                                      Washington, D.C. 20006
                                      (202) 393-7088

                                      Counsel for Damon Dixon

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 4, 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the following attorneys of record in the above-captioned case and *United States v. Darnell Jackson, et al.*, Criminal Case No. 06-227:

Thomas Abbenante
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006
(for William Gray)

Rudolph Acree
1211 Connecticut Avenue, N.W.
Suite 303
Washington, DC 20036
(for Bernie Hargrove)

Jensen Egerton Barber
400 Seventh Street, N.W.
Suite 400
Washington, DC 20004-2237
(for Keith Roots)

Joseph Edmund Beshouri
419 Seventh Street, N.W.
Suite 201
Washington, DC 20004
(for Tony Hilt)

Cary Clennon
P.O. Box 29302
Washington, DC 20017-9302
(for Troy Hopkins)

Cynthia Katkish
601 Pennsylvania Avenue, N.W.
Suite 900-S No. 221
Washington, DC 20004-3615
(for Dominique Washington)

Howard Bernard Katzoff
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Lawrence Bryant)

Allen Howard Orenberg
11200 Rockville Pike
Suite 300
North Bethesda, MD 20852
(for Christopher Dobbins)

James W. Rudasill, Jr.
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for John Downs)

Mitchell Mark Seltzer
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Troy Chavious)

Gary M. Sidell
1101 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
(for Lanika Franklin)

Nathan I. Silver, II
P.O. Box 5757
Bethesda, MD 20824-5757
(for Darnell Jackson)

Joanne D. Slaight
717 Fifth Street, N.W.
Washington, DC 20001
(for Tinesha Adams)

Paul T. Camilletti
U.S. Attorney's Office for the
 Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Tom Mucklow
U.S. Attorney's Office for the
 Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Emory Vaughan Cole
U.S. Attorney's Office for the
 District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

S. Elisabeth Poteat
U.S. Attorney's Office for the
 District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

                                                  _____/s/_____
                                                  STEVEN J. McCOOL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-308 (RBW) |
| ) | |
| DAMON RAWSHAWN DIXON ) | |
| ) | |
| Defendant. ) | |

## ORDER

Upon consideration of Defendant Dixon's Motion for Bill of Particulars and any response thereto, it is this ____ day of June 2007, hereby

ORDERED that the requested relief is GRANTED; and it is further

ORDERED that the Government is ordered to provide the requested information in a Bill of Particulars on or before July 20, 2007.

_____
THE HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT COURT JUDGE