**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal No. 06-308 (RBW)** |
| ) | |
| **DAMON RAWSHAWN DIXON** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT DAMON DIXON'S MOTION *IN LIMINE* TO PRECLUDE
ADMISSION OF CO-CONSPIRATOR HEARSAY STATEMENTS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Damon Dixon, by and through undersigned counsel, respectfully moves this Court for an order precluding admission at trial of any out-of-court statements purportedly made by any indicted or unindicted co-conspirators which directly or indirectly referred to Mr. Dixon, or which otherwise may be used to incriminate Mr. Dixon. In support of this motion, Mr. Dixon submits the following.

Undersigned counsel anticipates that the Government will attempt to offer into evidence out-of-court statements made by numerous indicted or unindicted co-conspirators at trial. Undersigned counsel further anticipates that some or all of those out-of-court statements either refer to Mr. Dixon, directly or indirectly, or otherwise would be used to incriminate Mr. Dixon.

Pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence, statements that would otherwise be hearsay are admissible if they are "by a co-conspirator of a party during the course and in furtherance of the conspiracy." For a declaration by a co-conspirator to be admissible against a defendant under this subsection of Rule 801, the Government must establish by a preponderance of the evidence the following: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of that conspiracy, and (3) that the statement was made during

1

the course and in furtherance of the conspiracy.  *See United States v. Beckham,* 968 F.2d 47, 51-52 (D.C. Cir. 1992).

In the present case, any out-of-court statements by co-conspirators that the Government seeks to admit at trial should be carefully reviewed by the Court before their admission, and should be admitted only if the Government satisfies the burden set forth above.  In order to minimize the prejudicial impact of such statements, the Court should make a determination as to their admissibility before the statements are presented to the jury.  Mr. Dixon recognizes that this Circuit has approved the practice of admitting co-conspirator declarations subject to connection.  *United States v. Gantt,* 617 F.2d 831, 845 (D.C. Cir. 1980).  If this Court, however, follows this practice and the Government fails to satisfy its burden or fails to make the requisite connection, the jury will have heard the damaging statements.  Even if the Court gives a curative instruction, the jury will have difficulty not considering them in their deliberations.  A mistrial will likely result and this will needlessly waste the Court's resources.  Mr. Dixon submits that it would be more efficient to require the Government to meet its burden pre-trial.

WHEREFORE, Mr. Dixon respectfully requests that this Court rule that any out-of-court statements by co-conspirators are inadmissible at trial in this case unless the Government has satisfied its burden of proof that the hearsay exception under Rule 801(d)(2)(E) applies to such statements. Furthermore, Mr. Dixon requests that this Court makes such a determination as to admissibility of such out-of-court statements before the statements are actually presented to the jury.

                                      Respectfully submitted,

                                      _____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W.
Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Damon Dixon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the following attorneys of record in the above-captioned case and *United States v. Darnell Jackson, et al.*, Criminal Case No. 06-227:

Thomas Abbenante
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006
(for William Gray)

Rudolph Acree
1211 Connecticut Avenue, N.W.
Suite 303
Washington, DC 20036
(for Bernie Hargrove)

Jensen Egerton Barber
400 Seventh Street, N.W.
Suite 400
Washington, DC 20004-2237
(for Keith Roots)

Joseph Edmund Beshouri
419 Seventh Street, N.W.
Suite 201
Washington, DC 20004
(for Tony Hilt)

Cary Clennon
P.O. Box 29302
Washington, DC 20017-9302
(for Troy Hopkins)

Cynthia Katkish
601 Pennsylvania Avenue, N.W.
Suite 900-S No. 221
Washington, DC 20004-3615
(for Dominique Washington)

Howard Bernard Katzoff
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Lawrence Bryant)

Allen Howard Orenberg
11200 Rockville Pike
Suite 300
North Bethesda, MD 20852
(for Christopher Dobbins)

James W. Rudasill, Jr.
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for John Downs)

Mitchell Mark Seltzer
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Troy Chavious)

Gary M. Sidell
1101 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
(for Lanika Franklin)

Nathan I. Silver, II
P.O. Box 5757
Bethesda, MD 20824-5757
(for Darnell Jackson)

Joanne D. Slaight
717 Fifth Street, N.W.
Washington, DC 20001
(for Tinesha Adams)

Paul T. Camilletti
U.S. Attorney's Office for the
 Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Tom Mucklow
U.S. Attorney's Office for the
 Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Emory Vaughan Cole
U.S. Attorney's Office for the
 District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

S. Elisabeth Poteat
U.S. Attorney's Office for the
 District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

                                          _____/s/_____
                                          STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-308 (RBW)** |
| | ) | |
| **DAMON RAWSHAWN DIXON** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Upon consideration of Defendant Dixon's Motion *In Limine* to Preclude Admission of Co-Conspirator Hearsay Statements, the government's response thereto, and the entire record in this matter, it is this _____ day of June 2007, hereby

ORDERED, that Defendant Dixon's motion is granted.

_____
REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE