**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 06-308 (RBW)** |
| ) | |
| **DAMON RAWSHAWN DIXON** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S MOTION FOR SEVERANCE OF DEFENDANTS AND
INCORPORATED OF MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Damon Dixon, through undersigned counsel and pursuant to Rule 14 of the Federal Rules of Criminal Procedure, respectfully moves for an order severing his trial from the trial of the defendants in *United States v. Darnell Jackson, et al.*, Criminal Case No. 06-227. In support of this motion, Mr. Dixon submits the following.

The United States Department of Justice appointed two Assistant United States Attorneys for the Northern District of West Virginia to prosecute Mr. Dixon due to a conflict of interest arising from the fact that Mr. Dixon's mother works at the United States Attorney's Office for the District of Columbia. Soon thereafter, the Honorable Henry Kennedy granted the Government's motion to transfer this case to this Court. Since that time, Mr. Dixon's court appearances have coincided with the defendants in *United States v. Darnell Jackson, et al.*, Criminal Case No. 06-227.

Although this matter was transferred to this Court, the United States has not superseded the Indictment in Criminal Case No. 06-227 to include Mr. Dixon, nor has the Government sought to join Mr. Dixon with the defendants in Criminal Case No. 06-227. Notwithstanding, since it appears that the Government will seek to try these defendants together, Mr. Dixon moves this Court for a separate trial.

1

Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f it appears that a defendant [] is prejudiced by a joinder of [] of defendants in an indictment [] <u>or by such joinder for trial together</u>, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."  Severance is appropriate when, as in this case, a joint trial would "prevent the jury from making a reliable judgment about [Mr. Dixon's] guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  There is no solid evidence -- in the form of wiretaps or surveillance tapes -- of Mr. Dixon's participation in the alleged conspiracy. The jury, however, will certainly infer that Mr. Dixon had a large role in the conspiracy, because the Government has assigned one attorney to prosecute him exclusively.  Having a prosecutor whose only role with be to prosecute Mr. Dixon among several defendants at a joint trial is highly prejudicial.  When "the risk of prejudice is high," the Court should be more inclined to grant a motion for severance.  *Id.*

WHEREFORE, Defendant requests that the instant motion be granted.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W.
Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Damon Dixon

2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 5 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the following attorneys of record in the above-captioned case and *United States v. Darnell Jackson, et al.*, Criminal Case No. 06-227:

Thomas Abbenante
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006
(for William Gray)

Rudolph Acree
1211 Connecticut Avenue, N.W.
Suite 303
Washington, DC 20036
(for Bernie Hargrove)

Jensen Egerton Barber
400 Seventh Street, N.W.
Suite 400
Washington, DC 20004-2237
(for Keith Roots)

Joseph Edmund Beshouri
419 Seventh Street, N.W.
Suite 201
Washington, DC 20004
(for Tony Hilt)

Cary Clennon
P.O. Box 29302
Washington, DC 20017-9302
(for Troy Hopkins)

Cynthia Katkish
601 Pennsylvania Avenue, N.W.
Suite 900-S No. 221
Washington, DC 20004-3615
(for Dominique Washington)

Howard Bernard Katzoff
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Lawrence Bryant)

Allen Howard Orenberg
11200 Rockville Pike
Suite 300
North Bethesda, MD 20852
(for Christopher Dobbins)

James W. Rudasill, Jr.
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for John Downs)

Mitchell Mark Seltzer
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Troy Chavious)

Gary M. Sidell
1101 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
(for Lanika Franklin)

Nathan I. Silver, II
P.O. Box 5757
Bethesda, MD 20824-5757
(for Darnell Jackson)

Joanne D. Slaight
717 Fifth Street, N.W.
Washington, DC 20001
(for Tinesha Adams)

Paul T. Camilletti
U.S. Attorney's Office for the
 Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Tom Mucklow
U.S. Attorney's Office for the
 Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Emory Vaughan Cole
U.S. Attorney's Office for the
 District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

S. Elisabeth Poteat
U.S. Attorney's Office for the
 District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

_____/s/_____
STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 06-308 (RBW)** |
| ) | |
| **DAMON RAWSHAWN DIXON** ) | |
| ) | |
| **Defendant.** ) | |

## **ORDER**

Upon consideration of Defendant Dixon's Motion for Severance, the Government's response thereto, and the entire record in this matter, it is this ___ day of June 2007, hereby

**ORDERED**, that Defendant Dixon's motion is granted.

_____
THE HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT COURT JUDGE