**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )     **Criminal No. 06-308 (RBW)**<br>)<br>DAMON RAWSHAWN DIXON )<br>)<br>**Defendant.** ) | |

**DEFENDANT'S MOTION TO IMMEDIATELY DISCLOSE ANY AND ALL CONTACT BETWEEN GOVERNMENT AGENTS OR PROSECUTORS AND POTENTIAL JAILHOUSE INFORMANTS INCARCERATED WITH DEFENDANT**
**DAMON DIXON AND MEMORANDUM IN SUPPORT**

Damon Dixon, by and through counsel, hereby moves this Court to order the government to immediately disclose any and all contact between government agents or prosecutors and potential informants incarcerated with defendant. In support, defendant relies upon Rules 12(b)(4) and 16(a)(1)(A) of the Federal Rules of Criminal Procedure, the Fifth, Sixth and Eighth Amendments, and submits the following.

Defendant, since his arrest, has been incarcerated at the Correctional Treatment Facility with other pre-trial detainees, and convicted persons, some of whom are facing lengthy state or federal sentences. Jailhouse informants have been used frequently by prosecuting authorities and have surfaced seeking "deals" in return for testimony in a disturbing number of federal criminal cases. The possibility of manufactured conversations exists.

As a safeguard and to permit the required pretrial resolution of Mr. Dixon's objections to any testimony of this sort, he requests immediate disclosure of government (state or federal) sponsored or monitored contacts with the defendant regarding the allegations in the indictment and any such conversation the prosecution is aware of.

Government tolerated, sponsored or planted informants are both highly unreliable and

1

frequently used, particularly in serious cases. For example, the government planted an informant in the same cell as the defendant in *United States v. Henry*, 447 U.S. 264, 266-267 (1980). He was instructed not to interrogate the defendant about his involvement in the crime but to be alert to any statements. *Id.* The informant ultimately testified at the defendant's trial concerning incriminating statements made by the defendant. *Id.* Relying on *Massiah v. United States*, 377 U.S. 201 (1964), the Supreme Court stated "the question here is whether under the facts of this case a Government agent 'deliberately elicited' incriminating statements from Henry within the meaning of *Massiah*." *Id.,* at 270. It then upheld the decision of the Fourth Circuit Court of Appeals that "by intentionally creating a situation likely to induce Henry to make incriminating statements without the assistance of counsel, the Government violated Henry's Sixth Amendment right to counsel." *Id.,* at 274.

Later, in *Maine v. Moulton*, 474 U.S. 159 (1985), the Court expanded the *Henry* holding[1] by finding "knowing exploitation by the state of an opportunity to circumvent the defendant's right to counsel is equivalent to intentional creation of such an opportunity."

Mr. Dixon submits that perjury is just as likely from the usual jailhouse snitch as is the truth. Therefore, such testimony is inherently unreliable and in need of pretrial judicial review. The Supreme Court in *Lilly v. Virginia,* 527 U.S. 116, 125 (1999), for example, suggested a jury instruction may be required regarding the credibility of informants.[2] The Oklahoma court in *Dodd v. State*, 993 P.2d 778, 784 (Ok. Crim. App. 2000) adopted several protective procedures to ensure a full cross-examination of informant witnesses was possible because informant testimony "triggers …

---

[1] The Supreme Court stated in dictum in *Kuhlman v. Wilson*, 477 U.S. 436 (1986) that the defendant's right to counsel was not violated by the police placing in the defendant's cell an informant who merely listened and reported what the defendant said.

[2] California Penal Code § 1127a also requires that in any criminal trial or proceeding in which an in-custody informant testifies as a witness for the prosecution, upon request of a party, the jury shall be instructed.

insidious reliability problems[,]… [i]rrespective of whether initially contacted by the state, most informants relay incriminating statements to the state in expectation of benefit in exchange."

The use of informants cases has become a serious problem. The Mississippi Supreme Court has warned of:

> an unholy alliance between con-artist convicts who want to get out of their own cases, law enforcement who [are] running a training ground for snitches over at the county jail, and the prosecutors who are taking what appears to be the easy route, rather than really putting their cases together with solid evidence.

*McNeal v. State*, 551 So. 2d 151, 158 n.2 (Miss. 1989).

The Mississippi Court's concern is a reflection of the fact that cases are built on opportunist "snitches" on a frighteningly frequent basis. For this reason, the same court has warned that the testimony of either an accomplice or a snitch "is to be received and considered with caution, as from a polluted and suspicious source." *Dedeaux v. State*, 86 So. 664, 665 (Miss. 1921) (citing *Wilson v. State*, 16 So. 304 (Miss. 1894); *see also, Lilly,* 527 U.S. at 125.

The United States Supreme Court has noted that "[t]he use of informers, accessories, accomplices, false friends, or any of the other betrayals which are 'dirty business' may raise serious questions of credibility.' *On Lee v. United States*, 343 U.S. 747, 757 (1952); *see also United States v. Swiderski*, 539 F.2d 854 (2d Cir. 1976) (informer paid $10,000 for his services, worked on a contingent fee basis); *United States v. Sarvis*, 523 F.2d 1177, 1180 (D.C. Cir. 1975); *United States v. Wasko*, 473 F.2d 1282 (7th Cir. 1973); *United States v. Leonard*, 494 F.2d 955, 961 (D.C. Cir. 1974); *United States v. Garcia*, 528 F.2d 580 (5th Cir.), *cert. denied sub nom. Sandoval v. United States*, 426 U.S. 952 (1976).

For these reasons, the United States Supreme Court has held that snitch or accomplice testimony "ought not to be passed upon ... under the same rules governing other apparently credible

witnesses...." *Crawford v. United States*, 212 U.S. 183, 204 (1908). Indeed, the Nevada Supreme Court has noted "that a jail-house incrimination is now available in a fairly large number of homicide cases." *D'Agostino v. State*, 823 P.2d 283, 285 (Nev. 1992). The Court went on to hold that special precautions must be taken to avoid presenting unreliable evidence to the jury:

> A legally unsophisticated jury has little knowledge as to the types of pressures and inducements that jail inmates are under to "cooperate" with the state and to say anything that is "helpful" to the state's case. It is up to the trial judge to see that there are sufficient assurances of reliability prior to admitting this kind of amorphous testimony to keep this kind of unreliable evidence out of the hands of the jury ....

*Id.* at 284; *see also* Cal. Penal Code § 1127a (trial courts must instruct jurors that "testimony of an in-custody informant should be viewed with caution and close scrutiny"); *People v. (Thomas) Thompson*, 45 Cal.3d 86 (1988) (on proportionality review, court finds prosecution's need to rely on "snitch" testimony "disconcerting"); *Tibbs v. State*, 337 So.2d 788, 790 (Fla. 1976) (reversing a murder conviction/death sentence as being against the weight of the evidence. The testimony of a cellmate snitch was dismissed as "the product of purely selfish considerations."); *Barnes v. State*, 469 So.2d 126, 132 (Miss. 1984) (testimony of jailhouse snitches must "be viewed with caution and suspicion even in the absence of any proof of a leniency/immunity agreement.").

The Louisiana Supreme Court views the word of an informant as being less credible than that of a law abiding citizen when it comes to probable cause to search. A distinction must be drawn "between an 'informant' who is a member of the criminal community and an informant who is the witness or victim of a crime." *State v. Ross*, 561 So.2d 1004, 1009 (La.App. 4 Cir. 1990), citing *State v. Morris*, 444 So.2d 1200 (La. 1984). The testimony of a snitch may simply be too insubstantial to support a conviction. *See Jackson v. Virginia*, 443 U.S. 307 (1979)); White, *Regulating Prison Informers Under the Due Process Clause*, 1991 S. Ct. Rev. 103, 104-105.

WHEREFORE, Mr. Dixon requests that this Court require the government to immediately disclose any and all contact between government agents or prosecutors and informants incarcerated with defendant so that he can seek appropriate relief.

>Respectfully submitted,
>
>_____/s/_____
>STEVEN J. McCOOL
>D.C. Bar No. 429369
>MALLON & McCOOL, LLC
>1776 K Street, N.W.
>Suite 200
>Washington, D.C. 20006
>(202) 393-7088
>
>Counsel for Damon Dixon

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 6, 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the following attorneys of record in the above-captioned case and *United States v. Darnell Jackson, et al.*, Criminal Case No. 06-227:

Thomas Abbenante
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006
(for William Gray)

Rudolph Acree
1211 Connecticut Avenue, N.W.
Suite 303
Washington, DC 20036
(for Bernie Hargrove)

Jensen Egerton Barber
400 Seventh Street, N.W.
Suite 400
Washington, DC 20004-2237
(for Keith Roots)

Joseph Edmund Beshouri
419 Seventh Street, N.W.
Suite 201
Washington, DC 20004
(for Tony Hilt)

Cary Clennon
P.O. Box 29302
Washington, DC 20017-9302
(for Troy Hopkins)

Cynthia Katkish
601 Pennsylvania Avenue, N.W.
Suite 900-S No. 221
Washington, DC 20004-3615
(for Dominique Washington)

Howard Bernard Katzoff
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Lawrence Bryant)

Allen Howard Orenberg
11200 Rockville Pike
Suite 300
North Bethesda, MD 20852
(for Christopher Dobbins)

James W. Rudasill, Jr.
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for John Downs)

Mitchell Mark Seltzer
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Troy Chavious)

Gary M. Sidell
1101 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
(for Lanika Franklin)

Nathan I. Silver, II
P.O. Box 5757
Bethesda, MD 20824-5757
(for Darnell Jackson)

Joanne D. Slaight
717 Fifth Street, N.W.
Washington, DC 20001
(for Tinesha Adams)

Paul T. Camilletti
U.S. Attorney's Office for the
 Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Tom Mucklow
U.S. Attorney's Office for the
 Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Emory Vaughan Cole
U.S. Attorney's Office for the
 District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

S. Elisabeth Poteat
U.S. Attorney's Office for the
 District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

                                       _____/s/_____
                                       STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 06-308 (RBW)** |
| ) | |
| **DAMON RAWSHAWN DIXON** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Upon consideration of Defendant Dixon's Motion to Immediately Disclose Any and All Contact Between Government Agents or Prosecutors and Potential Jailhouse Informants Incarcerated with Defendant, the government's response thereto, and the entire record in this matter, it is this ___ day of June 2007, hereby

**ORDERED**, that Defendant Dixon's motion is granted.

_____
THE HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT COURT JUDGE

1