IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-308 (RBW) |
| ) | |
| DAMON RAWSHAWN DIXON ) | |
| ) | |
| Defendant. ) | |

**MOTION TO SUPPRESS STATEMENTS AND**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Damon Dixon, by and through undersigned counsel, respectfully moves the Court for an Order suppressing any and all statements to government agents. Any statements elicited from Mr. Dixon were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966).

## I. BACKGROUND

The Government alleges that on November 1, 2005, members of the Metropolitan Police Department stopped a car driven by Mr. Dixon. Without warning Mr. Dixon of his *Miranda* rights, a police officer allegedly asked Mr. Dixon what was in a vial inside the car. Mr. Dixon allegedly said it was cologne. Mr. Dixon then was advised of and asserted his right to remain silent and his right to counsel. This matter was later dismissed.

On November 11, 2006, agents of the Federal Bureau of Investigation arrested Mr. Dixon pursuant to an arrest warrant issued following an Indictment that charged him with conspiracy and the above-described offense. Despite the fact that Mr. Dixon had already asserted his Fifth and Sixth Amendment rights when he was originally arrested, the agents advised Mr. Dixon of his *Miranda* rights. The Government further alleges that Mr. Dixon read and signed a waiver form. Mr. Dixon allegedly then made statements to the agents. None of these alleged statements were recorded

by the agents or written by Dixon.

## II. ARGUMENT

**A.     Mr. Dixon's statements were obtained in violation of *Miranda*.**

*Miranda* requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to custodial interrogation. *See, e.g., Pennsylvania v. Muniz*, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990).

A person is in "custody" under *Miranda* when he "has been . . . deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444. Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (footnotes omitted).

With regard to the November 1, 2005 statement, Mr. Dixon was clearly in custody for *Miranda* purposes since the alleged statement was made after the car he was driving was stopped by police. Certainly, at that point, no individual would consider himself free to leave. Thus, Mr. Dixon, at the time he made the statement, had been "deprived of his freedom of action in a[] significant way," *Miranda*, 384 U.S. at 444, and a "reasonable man in [Mr. Dixon's] position would have understood his situation" as being one in which he was not free to leave police custody. *Berkemer v. McCarty*, 468 U.S. at 442. The same holds true with respect to the alleged statements made following Mr. Dixon's November 11, 2006 arrest.

Mr. Dixon also was subject to interrogation by the police. The unrecorded statements allegedly made by Mr. Dixon in both instances were obviously in response to questions posed by the police designed to adduce a confession.

In *Minnick v. Mississippi*, 498 U.S. 146, 153 (1990), the Supreme Court held that after a suspect invokes the *Miranda* right to counsel, police may not initiate interrogation without counsel actually being present, even if the suspect has consulted with counsel prior to interrogation. Here, the FBI agents clearly did not honor Mr. Dixon's Fifth Amendment right to counsel when they questioned him on November 11, 2006.

While the burden is of course on the government to establish that the waiver was knowing and voluntary, *see Colorado v. Connelly*, 479 U.S. 157, 168-70 (1986); *Moran v. Burbine*, 475 U.S. 412, 421 (1986), the defense reserves its right to present independent evidence on this issue at the time of the hearing. The Government has not and cannot fulfill its burden of demonstrating that Mr. Dixon waived his *Miranda* rights or that any such waiver was knowing and voluntary. Accordingly, these statements must be suppressed.

### III. CONCLUSION

For the foregoing reasons, and any others which may appear to the Court following an evidentiary hearing, Mr. Dixon requests that the Court suppress the statements he allegedly made to government agents.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W.
Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Damon Dixon

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 7 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the following attorneys of record in the above-captioned case and *United States v. Darnell Jackson, et al.*, Criminal Case No. 06-227:

Thomas Abbenante
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006
(for William Gray)

Rudolph Acree
1211 Connecticut Avenue, N.W.
Suite 303
Washington, DC 20036
(for Bernie Hargrove)

Jensen Egerton Barber
400 Seventh Street, N.W.
Suite 400
Washington, DC 20004-2237
(for Keith Roots)

Joseph Edmund Beshouri
419 Seventh Street, N.W.
Suite 201
Washington, DC 20004
(for Tony Hilt)

Cary Clennon
P.O. Box 29302
Washington, DC 20017-9302
(for Troy Hopkins)

Cynthia Katkish
601 Pennsylvania Avenue, N.W.
Suite 900-S No. 221
Washington, DC 20004-3615
(for Dominique Washington)

Howard Bernard Katzoff
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Lawrence Bryant)

Allen Howard Orenberg
11200 Rockville Pike
Suite 300
North Bethesda, MD 20852
(for Christopher Dobbins)

James W. Rudasill, Jr.
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for John Downs)

Mitchell Mark Seltzer
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Troy Chavious)

Gary M. Sidell
1101 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
(for Lanika Franklin)

Nathan I. Silver, II
P.O. Box 5757
Bethesda, MD 20824-5757
(for Darnell Jackson)

Joanne D. Slaight
717 Fifth Street, N.W.
Washington, DC 20001
(for Tinesha Adams)

Paul T. Camilletti
U.S. Attorney's Office for the
 Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Tom Mucklow
U.S. Attorney's Office for the
 Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Emory Vaughan Cole
U.S. Attorney's Office for the
 District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

S. Elisabeth Poteat
U.S. Attorney's Office for the
 District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

                                          _____/s/_____
                                          STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 06-308 (RBW)** |
| ) | |
| **DAMON RAWSHAWN DIXON** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Upon consideration of Defendant Dixon's Motion to Suppress Statements and Memorandum of Points and Authorities in Support Thereof, the government's Response thereto, and the record of the evidentiary hearing in this matter, it is this _____ day of June 2007, hereby

ORDERED that Defendant Dixon's Motion is granted; and it is further

ORDERED that the prosecution shall be barred from using Mr. Dixon's statements at the trial in this case.

_____
THE HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE