**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No.  06-308 (RBW)** |
| ) | |
| **DAMON RAWSHAWN DIXON** ) | |
| ) | |
| **Defendant.** ) | |

**DAMON DIXON'S MOTION TO SUPPRESS EVIDENCE AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Damon Dixon, by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fourth Amendment to the Constitution, to suppress tangible evidence the government seeks to introduce against him at trial. An evidentiary hearing on this motion is respectfully requested.  In support of this motion, Mr. Dixon submits the following.

The Government alleges that on November 1, 2005, members of the Metropolitan Police Department stopped a car driven by Mr. Dixon because of an alleged traffic violation.  The Government further alleges that police offers seized vials containing PCP from inside the car.  Mr. Dixon submits that the officers violated his Fourth Amendment right to remain free from unreasonable governmental searches and seizures.

As a general matter, the decision by a police officer to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.  *Whren v. United States,* 517 U.S. 806, 808 (1996).  Police officers may not, however, issue traffic citations and wait around to see if probable cause for a search presents itself.  In *Knowles v. Iowa,* 525 U.S. 113, 116 (1998), the Supreme Court found that the car search there following a traffic stop violated the Fourth Amendment because neither of the two exceptions for a "search incident to arrest," *see United States v. Robinson,* 414 U.S. 218, 234 (1973), were present; that is:  (1) the need to disarm

the suspect in order to take him into custody, and (2) the need to preserve evidence for later use at trial. For the same reasons, the search here violated Mr. Dixon's Fourth Amendment rights.

WHEREFORE, for the foregoing reasons, and any others which may appear to the Court following an evidentiary hearing, Mr. Dixon requests that the Court suppress the evidence seized in this matter.

                                       Respectfully submitted,

                                       _____/s/_____
                                       STEVEN J. McCOOL
                                       D.C. Bar No. 429369
                                       MALLON & McCOOL, LLC
                                       1776 K Street, N.W.
                                       Suite 200
                                       Washington, D.C. 20006
                                       (202) 393-7088

                                       Counsel for Damon Dixon

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 8, 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the following attorneys of record in the above-captioned case and *United States v. Darnell Jackson, et al.*, Criminal Case No. 06-227:

Thomas Abbenante
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006
(for William Gray)

Rudolph Acree
1211 Connecticut Avenue, N.W.
Suite 303
Washington, DC 20036
(for Bernie Hargrove)

Jensen Egerton Barber
400 Seventh Street, N.W.
Suite 400
Washington, DC 20004-2237
(for Keith Roots)

Joseph Edmund Beshouri
419 Seventh Street, N.W.
Suite 201
Washington, DC 20004
(for Tony Hilt)

Cary Clennon
P.O. Box 29302
Washington, DC 20017-9302
(for Troy Hopkins)

Nathan I. Silver, II
P.O. Box 5757
Bethesda, MD 20824-5757
(for Darnell Jackson)

Cynthia Katkish
601 Pennsylvania Avenue, N.W.
Suite 900-S No. 221
Washington, DC 20004-3615
(for Dominique Washington)

Howard Bernard Katzoff
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Lawrence Bryant)

Allen Howard Orenberg
11200 Rockville Pike
Suite 300
North Bethesda, MD 20852
(for Christopher Dobbins)

James W. Rudasill, Jr.
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for John Downs)

Mitchell Mark Seltzer
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Troy Chavious)

Gary M. Sidell
1101 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
(for Lanika Franklin)

Joanne D. Slaight
717 Fifth Street, N.W.
Washington, DC 20001
(for Tinesha Adams)

Paul T. Camilletti
U.S. Attorney's Office for the
  Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Tom Mucklow
U.S. Attorney's Office for the
  Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Emory Vaughan Cole
U.S. Attorney's Office for the
  District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

S. Elisabeth Poteat
U.S. Attorney's Office for the
  District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

_____/s/_____
STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 06-308 (RBW)** |
| ) | |
| **DAMON RAWSHAWN DIXON** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Upon consideration of Defendant Dixon's Motion to Suppress Statements and Memorandum of Points and Authorities in Support Thereof, the government's Response thereto, and the record of the evidentiary hearing in this matter, it is this _____ day of June 2007, hereby

ORDERED that Defendant Dixon's Motion is granted; and it is further

ORDERED that the prosecution shall be barred from using Mr. Dixon's statements at the trial in this case.

_____
THE HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE