**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal No. 06-308 (RBW)** |
| ) | |
| **DAMON RAWSHAWN DIXON** ) | |
| ) | |
| **Defendant.** ) | |

**MOTION TO PERMIT COUNSEL TO QUESTION JURORS**
**DURING VOIR DIRE AND INCORPORATED MEMORANDUM IN SUPPORT**

Damon Dixon, by and through counsel, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, as well as the Fifth and Sixth Amendments to the United States Constitution, respectfully moves this Court to permit counsel to participate in voir dire by questioning potential jurors.

Given strict judicial control, attorney participation will not prolong the jury selection in this action. In fact, limited attorney participation, properly supervised as it will be, may take less time than voir dire examination conducted entirely by the Court.

The Supreme Court has never held there is a constitutional right compelling judges to permit defense counsel an opportunity to question prospective jurors. *See e.g., United States v. Duke*, 409 F.2d 669, 671 (4th Cir. 1969), (claim that Rule 24(a) is unconstitutional is "frivolous") *cert. denied*, 397 U.S. 1062 (1970). Of course, however, Rule 24(a) of the Federal Rules of Criminal Procedure gives trial courts discretion in deciding the scope and method of jury voir dire. *See United States v. Magana-Arevalo*, 639 F.2d 226 (5th Cir. 1981). Mr. Dixon asks the Court to exercise its discretion and allow counsel to pose questions directly to prospective jurors during voir dire.

Federal courts have recognized the importance of attorney participation in order to ensure both parties a more effective jury selection process. *See, e.g., United States v. Ible*, 630 F.2d 389

(5th Cir. 1980); *United States v. Ledee*, 549 F.2d 990 (5th Cir. 1977). In *Ible*, 630 F.2d at 389 n.8., the Court stated:

> [W]hile Federal Rule of Criminal Procedure 24(a) gives wide discretion to the trial court, voir dire may have little meaning if it is not conducted at least in part by counsel. The "federal" practice of almost exclusive voir dire examination by the court does not take into account the fact that it *is the parties, rather than the court, who have a full grasp of the nuances and the strengths and weaknesses of the case* ... Experience indicates that in the majority of situations questioning by counsel would be more likely to fulfill the need than an exclusive examination in general terms by the trial court.

WHEREFORE, for the foregoing reasons, Mr. Dixon respectfully moves this Court to permit counsel to question jurors (directly and individually).

                                    Respectfully submitted,

                                    _____/s/_____
                                    STEVEN J. McCOOL
                                    D.C. Bar No. 429369
                                    MALLON & McCOOL, LLC
                                    1776 K Street, N.W.
                                    Suite 200
                                    Washington, D.C. 20006
                                    (202) 393-7088

                                    Counsel for Damon Dixon

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 10, 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the following attorneys of record in the above-captioned case and *United States v. Darnell Jackson, et al.*, Criminal Case No. 06-227:

Thomas Abbenante
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006
(for William Gray)

Rudolph Acree
1211 Connecticut Avenue, N.W.
Suite 303
Washington, DC 20036
(for Bernie Hargrove)

Jensen Egerton Barber
400 Seventh Street, N.W.
Suite 400
Washington, DC 20004-2237
(for Keith Roots)

Joseph Edmund Beshouri
419 Seventh Street, N.W.
Suite 201
Washington, DC 20004
(for Tony Hilt)

Cary Clennon
P.O. Box 29302
Washington, DC 20017-9302
(for Troy Hopkins)

Nathan I. Silver, II
P.O. Box 5757
Bethesda, MD 20824-5757
(for Darnell Jackson)

Cynthia Katkish
601 Pennsylvania Avenue, N.W.
Suite 900-S No. 221
Washington, DC 20004-3615
(for Dominique Washington)

Howard Bernard Katzoff
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Lawrence Bryant)

Allen Howard Orenberg
11200 Rockville Pike
Suite 300
North Bethesda, MD 20852
(for Christopher Dobbins)

James W. Rudasill, Jr.
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for John Downs)

Mitchell Mark Seltzer
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Troy Chavious)

Gary M. Sidell
1101 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
(for Lanika Franklin)

Joanne D. Slaight
717 Fifth Street, N.W.
Washington, DC 20001
(for Tinesha Adams)

Paul T. Camilletti
U.S. Attorney's Office for the
   Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Tom Mucklow
U.S. Attorney's Office for the
   Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Emory Vaughan Cole
U.S. Attorney's Office for the
   District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

S. Elisabeth Poteat
U.S. Attorney's Office for the
   District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

_____/s/_____
STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | **Criminal No. 06-308 (RBW)** |
| ) | |
| **DAMON RAWSHAWN DIXON** ) | |
| ) | |
| **Defendant.** ) | |

## **ORDER**

Upon consideration of Defendant Dixon's Motion to Permit Counsel to Question Jurors During Voir Dire, the government's response thereto, and the entire record in this matter, it is this ___ day of June 2007, hereby

**ORDERED**, that Defendant Dixon's motion is granted.

_____
THE HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT COURT JUDGE