IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-308 (RBW) |
| ) | |
| DAMON RAWSHAWN DIXON ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DAMON DIXON'S MOTION TO IDENTIFY
WITNESSES WITH JUVENILE ADJUDICATIONS AND PENDING
JUVENILE PROCEEDINGS AND TO INSPECT
JUVENILE FILES PURSUANT TO *DAVIS V. ALASKA* AND
INCORPORATED OF MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Damon Dixon, by and through counsel, hereby moves this Honorable Court for an Order requiring the United States to disclose the identification of all witnesses with either juvenile adjudications or pending juvenile proceedings in order to assess whether the juvenile files contain information which form the basis of cross-examination pursuant to *Davis v. Alaska*, 415 U.S. 308 (1973). In support of this motion, Mr. Dixon submits the following.

The United States will probably introduce testimony from witnesses who have prior adult convictions and, most likely, juvenile adjudications. There may be witnesses who have juvenile adjudicatitions or pending adjudications from at least the jurisdictions of the District of Columbia, Maryland and Virginia.

Defendant seeks to inspect the past or pending juvenile files of all witnesses in this and other jurisdictions to assess whether to impeach those witnesses regarding bias. Before a request can be made for inspection, the United States must identify each witness with a juvenile adjudication or pending proceeding and specify the jurisdiction.

In *Davis,* the Supreme Court directly confronted the competing interests of the government's right to protect the confidentiality of juvenile adjudications against the rights of an

accused to confront a witness. The Court determined that the constitutional protections outweighed traditional concerns with juvenile proceedings. The Court wrote:

> We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-ex (citations omitted)…. [W]e do conclude that the jurors were entitled to have the benefit of the defense theory before them so they could make an informed decision as to the weight to place on Green's testimony which provided a crucial link in the proof of petitioner's act (citation omitted). The accuracy and truthfulness of Green's testimony were key elements in the State's case against the Petitioner. The claim of bias which the defendants sought to develop was admissible to afford a basis for an inference of undue pressure because of Green's vulnerable status as probationer… [C]ounsel was unable to make a record from which to argue why Green might have been biased...

*Davis,* at 316-318. The Court further held that "whatever temporary embarrassment might result to [the witness]…is outweighed" by the defendant's confrontation right. *Id.,* at 320. The Federal Rules of Evidence recognize that juvenile adjudication may be admitted to attack credibility of an adult witness. *See* Fed. R. Evid. 609(d).

Defendant is unable to make a specific request to the Court until the United States identifies the relevant persons affected by this request. When such persons are identified, Mr. Dixon asks this Court to follow the procedure set forth by the District of Columbia Court of Appeals in *Lewis v. United States,* 408 A.2d 303, 312 (1979):

> 1. If a defendant makes a timely pretrial request for impeachable convictions (deemed to include juvenile delinquency adjudications), the prosecutor shall file a record of all accessible delinquency adjudications with the trial court, but not with defense counsel, along with a representation as to whether, to the government's knowledge, any juvenile adjudication, under the circumstances, can be said to imply the witness' bias against the accused.

> 2. If on the basis of the government's representation -- or later on the basis of the witness' testimony at trial -- the court concludes that the juvenile adjudication goes to bias, the court shall order its disclosure to the defense.

> 3. If the court concludes, prior to completion of the witness' testimony, that the adjudication does not go to bias, the court shall withhold it from the defense unless the court becomes convinced that impeachment of the witness on the basis of the adjudication is likely to be material to the outcome. In that case

2

the court shall order its disclosure to the defense.

    4. In the event of conviction, the trial court shall inform defense counsel as to whether it possesses a requested but undisclosed juvenile record. If it does, the court, in event of appeal, shall transmit that record under seal to this court, for consideration in accordance with the procedures established for the present case.

WHEREFORE, Defendant seeks an Order requiring the United States to disclose the identities of all witnesses with juvenile adjudications and/or pending juvenile proceedings to assess whether the files contain information which could form the basis of cross-examination relevant to bias and credibility.

                                Respectfully submitted,

                                _____
                                STEVEN J. McCOOL
                                D.C. Bar No. 429369
                                MALLON & McCOOL, LLC
                                1776 K Street, N.W.
                                Suite 200
                                Washington, D.C. 20006
                                (202) 393-7088

                                Counsel for Damon Dixon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 7, 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the following attorneys of record in the above-captioned case and *United States v. Darnell Jackson, et al.*, Criminal Case No. 06-227:

Thomas Abbenante
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006
(for William Gray)

Rudolph Acree
1211 Connecticut Avenue, N.W.
Suite 303
Washington, DC 20036
(for Bernie Hargrove)

Jensen Egerton Barber
400 Seventh Street, N.W.
Suite 400
Washington, DC 20004-2237
(for Keith Roots)

Joseph Edmund Beshouri
419 Seventh Street, N.W.
Suite 201
Washington, DC 20004
(for Tony Hilt)

Cary Clennon
P.O. Box 29302
Washington, DC 20017-9302
(for Troy Hopkins)

Nathan I. Silver, II
P.O. Box 5757
Bethesda, MD 20824-5757
(for Darnell Jackson)

Cynthia Katkish
601 Pennsylvania Avenue, N.W.
Suite 900-S No. 221
Washington, DC 20004-3615
(for Dominique Washington)

Howard Bernard Katzoff
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Lawrence Bryant)

Allen Howard Orenberg
11200 Rockville Pike
Suite 300
North Bethesda, MD 20852
(for Christopher Dobbins)

James W. Rudasill, Jr.
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for John Downs)

Mitchell Mark Seltzer
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Troy Chavious)

Gary M. Sidell
1101 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
(for Lanika Franklin)

Joanne D. Slaight
717 Fifth Street, N.W.
Washington, DC 20001
(for Tinesha Adams)

Paul T. Camilletti
U.S. Attorney's Office for the
   Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Tom Mucklow
U.S. Attorney's Office for the
   Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Emory Vaughan Cole
U.S. Attorney's Office for the
   District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

S. Elisabeth Poteat
U.S. Attorney's Office for the
   District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

_____/s/_____
STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 06-308 (RBW)** |
| ) | |
| **DAMON RAWSHAWN DIXON** ) | |
| ) | |
| **Defendant.** ) | |

## **ORDER**

Upon consideration of Defendant Dixon's Motion to Identify Witnesses with Juvenile Adjudications and Pending Juvenile Proceedings and to Inspect Juvenile Files Pursuant to *Davis v. Alaska*, the government's response thereto, and the entire record in this matter, it is this ___ day of June 2007, hereby

**ORDERED**, that Defendant Dixon's motion is granted.

_____
UNITED STATES DISTRICT COURT JUDGE