**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-308 (RBW)** |
| | ) | |
| **DAMON RAWSHAWN DIXON** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR PRETRIAL PRODUCTION OF EVIDENCE ADMISSIBLE TO ATTACK THE CREDIBILITY OF CO-CONSPIRATOR DECLARANTS NOT TO BE CALLED AS WITNESSES AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Damon Dixon, by and through counsel, pursuant to Rule 806 of the Federal Rules of Evidence and the Government's constitutional *Brady* obligations, moves the Court for an Order requiring the prosecution to produce all evidence that would be admissible to attack the credibility of non-testifying co-conspirator declarants.

In this case, the Government most likely will seek to admit statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence. When any such statement is received in evidence, "the credibility of the declarant of may be attacked . . . by any evidence which would be admissible for those purposes if the declarant had testified at trial." FRE 806.

This request is made separate and apart from any request for reports of interviews or statements made by prospective prosecution witnesses, which are producible as *Jencks* material. Defendant's request is grounded on the government's constitutional obligations to disclose exculpatory information, including impeachment material, to the defendant.

The warning words of the Supreme Court in *United States v. Agurs*, 427 U.S. 97, 106 (1976), are appropriate in this context:

> Although there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the subject matter of such a request is material, or indeed if a substantial

> basis for claiming materiality exists, it is reasonable to require the prosecutor to respond. . . . When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable.

The defense, especially an indigent defendant, unlike the government, does not have the ability to call upon resources such as the Federal Bureau of Investigation. Locating and interviewing witnesses can be a frustrating and time-consuming process. When trial is underway, the defense has a very limited number of hours outside the courtroom to devote to other matters. Most of that time is normally consumed with trial preparation for the following day. Furthermore, even when clients have adequate resources, and Mr. Dixon does not, investigators are not always automatically available to investigate and follow up on information provided mid-trial.

Consequently, the type of information requested in this motion is such that effective use cannot be made of it unless there has been pretrial disclosure. It is essential and constitutionally necessary that the government disclose pretrial the information requested in this motion.

WHEREFORE, for the foregoing reasons and any others which may appear to the Court following an evidentiary hearing, Mr. Dixon requests the Court to grant the relief sought herein.

>> Respectfully submitted,
>>
>> _____/s/_____
>> STEVEN J. McCOOL
>> D.C. Bar No. 429369
>> MALLON & McCOOL, LLC
>> 1776 K Street, N.W.
>> Suite 200
>> Washington, D.C. 20006
>> (202) 393-7088
>>
>> Counsel for Damon Dixon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the following attorneys of record in the above-captioned case and *United States v. Darnell Jackson, et al.*, Criminal Case No. 06-227:

Thomas Abbenante
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006
(for William Gray)

Rudolph Acree
1211 Connecticut Avenue, N.W.
Suite 303
Washington, DC 20036
(for Bernie Hargrove)

Jensen Egerton Barber
400 Seventh Street, N.W.
Suite 400
Washington, DC 20004-2237
(for Keith Roots)

Joseph Edmund Beshouri
419 Seventh Street, N.W.
Suite 201
Washington, DC 20004
(for Tony Hilt)

Cary Clennon
P.O. Box 29302
Washington, DC 20017-9302
(for Troy Hopkins)

Nathan I. Silver, II
P.O. Box 5757
Bethesda, MD 20824-5757
(for Darnell Jackson)

Cynthia Katkish
601 Pennsylvania Avenue, N.W.
Suite 900-S No. 221
Washington, DC 20004-3615
(for Dominique Washington)

Howard Bernard Katzoff
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Lawrence Bryant)

Allen Howard Orenberg
11200 Rockville Pike
Suite 300
North Bethesda, MD 20852
(for Christopher Dobbins)

James W. Rudasill, Jr.
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for John Downs)

Mitchell Mark Seltzer
717 D Street, N.W.
Suite 310
Washington, DC 20004
(for Troy Chavious)

Gary M. Sidell
1101 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
(for Lanika Franklin)

Joanne D. Slaight
717 Fifth Street, N.W.
Washington, DC 20001
(for Tinesha Adams)

Paul T. Camilletti
U.S. Attorney's Office for the
  Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Tom Mucklow
U.S. Attorney's Office for the
  Northern District of West Virginia
217 West King Street
Suite 400
Martinsburg, WV 25401

Emory Vaughan Cole
U.S. Attorney's Office for the
  District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

S. Elisabeth Poteat
U.S. Attorney's Office for the
  District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

_____/s/_____
STEVEN J. McCOOL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal No.  06-308 (RBW)** |
| ) | |
| **DAMON RAWSHAWN DIXON** ) | |
| ) | |
| **Defendant.** ) | |

## **ORDER**

Upon consideration of Defendant Dixon's motion requiring the prosecution to produce all evidence that would be admissible to attack the credibility of non-testifying co-conspirator declarants, the Government's response thereto, and the entire record in this matter, it is this ___ day of June 2007, hereby

**ORDERED**, that Defendant Dixon's motion is granted.

_____
THE HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT COURT JUDGE