

U. S. DEPARTMENT OF JUSTICE

**FILED**

SEP 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| 217 West King Street | Phone: | (304) 262-0590 |
| Suite 400 | Fax: | (304) 262-0591 |
| Martinsburg, WV 25401 | | |

CR O6 - 308 - RBW

July 26, 2007

Mr. Steven J. McCool, Esq.
1776 K Street, NW, Suite 200
Washington, DC  20006

In re:   United States v. Damon Dixon
         Criminal No. 1:06CR308

Dear Mr. McCool:

This will confirm conversations with you concerning your client, Damon Dixon (hereinafter referred to as defendant).

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1.      Defendant will plead guilty to Count 2, possession with intent to distribute PCP, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) of the above-referenced Indictment.

2.      The maximum penalty to which defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above, is imprisonment for a period of five (5) years to forty (40) years, a fine of $2,000,000.00 and a term of at least four (4) years of supervised release [21 USC 841(b)(1)(B)]

It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 USC 3013) per felony conviction which must be paid prior to sentencing by money

_____
Damon Dixon, Defendant

_____8-12-07_____
Date Signed

_____
Steven J. McCool, Esq.
Counsel for Defendant

_____8\-04\07_____
Date Signed

Mr. Steven J. McCool, Esq.
July 26, 2007
Page 2

order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

3.      At final disposition, the United States will recommend that the remaining count in the Indictment be dismissed.

4.      There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or defendant's counsel as to what the final disposition in this matter should and will be.    This agreement includes **nonbinding** recommendations by the United States, pursuant to Rule 11(e)(1)(B); however, the defendant understands that the Court is **not** bound by these sentence recommendations, and that the defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

5.      Contingent upon Defendant's payment of the $100.00 special assessment fee as required, the United States will make the following **nonbinding** recommendations:

A.  If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

B.  Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and** if he complies with all the requirements of this agreement, the United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before August 10, 2007 at 5:00 p.m. and returns an executed copy to the United States by that day;    *12 PTC*

C.  The United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range.

| | |
|---|---|
| Damon Dixon, Defendant | 8-12-07 |
| | Date Signed |
| Steven J. McCool, Esq. | 8/14/07 |
| Counsel for Defendant | Date Signed |

Mr. Steven J. McCool, Esq.
July 26, 2007
Page 3

6.    If in the opinion of the United States, the Defendant either engages in conduct defined under the Application Notes of Guideline 3C1.1, ~~fails to cooperate as promised~~, fails to pay the special assessment as required, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

7.    Pursuant to Sections 6B1.4, 1B1.3 and 2D1.1 [Application Note 12] of the Guidelines, the parties hereby stipulate and agree that the total drug relevant conduct of the defendant with regard to the Indictment is not less than 700 grams but not more than one kilogram of PCP. The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept same. Defendant understands and agrees that should the Court not accept the above stipulation, defendant will not have the right to withdraw his plea of guilty.

8.    Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

9.    Defendant waives any right he may have to ask the court for any departures under USSG 5H or USSG 5K.

10.    The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant

_____          _____
Damon Dixon, Defendant                                  Date Signed    8-12-07

_____          _____
Steven J. McCool, Esq.                                        Date Signed
Counsel for Defendant

Mr. Steven J. McCool, Esq.
July 26, 2007
Page 4

information including defendant's background, criminal record, offense charged in the indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by defendant or his counsel.

11.    Defendant understands that there are items of physical evidence in the United States' possession which could be subjected to DNA testing. Defendant further understands that he could request DNA testing of evidence in this case in the current proceedings. Defendant further understands that he could request DNA testing of evidence in this case after convictions. Defendant knowingly and voluntarily waives his right to request DNA testing both now and after conviction. Finally, defendant has fully discussed the significance of DNA testing with his attorney, and is satisfied with his attorney's explanation concerning DNA testing and the advice his attorney has provided to him concerning the consequences of waiving the right to request DNA testing.

12.    If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

13.    The above twelve (12) paragraphs constitute the entire agreement between defendant and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Very truly yours,

ALBERTO R. GONZALES
United States Attorney General

By:

Paul T. Camilletti
Special Assistant to the Attorney General

As evidenced by my signature at the bottom of the four (4) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

Damon Dixon, Defendant

8-12-07
Date Signed

Steven J. McCool, Esq.
Counsel for Defendant

8/14/07
Date Signed