**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NO.  06-308 (RBW)** |
| | **:** | |
| **DAMON RASHAWN DIXON** | **:** | |
| | **:** | |
| _____ | **:** | |

**UNITED STATES' SENTENCING MEMORANDUM**

Now comes Attorney General Michael B. Mukasey, by and through Special Attorneys General, Paul Camilletti and Thomas O. Mucklow and files the following sentencing memorandum in this matter:

1.  On September 12, 2007, the Defendant, Damon Dixon, pled guilty pursuant to a written plea agreement, to Count 2 of the Indictment, possession with intent to distribute 388.4 grams of PCP, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

2.  Pursuant to 21 U.S.C. § 841(b)(1)(B) this offense carries a sentence of not less than five nor more than forty years.

3.  Pursuant to the plea agreement, the parties have stipulated Damon Dixon's total drug relevant conduct at not less than 700 grams and not more than 1 kilogram of Phencyclidine (PCP).

4.  The United States has agreed to recommend a third level reduction for timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1B.  The United States also recommends that any sentence which might be imposed should be imposed at the lower end of the applicable guideline range as calculated in the presentence report.

5.      The presentence report (PSR) has adopted the parties' stipulation that Mr. Dixon's

relevant conduct is between 700 grams and 1 kilogram of PCP. The PSR has

calculated a three level reduction for acceptance and timely acceptance of

responsibility. After calculating Mr. Dixon's criminal history at category II, the

presentence report suggests a sentencing range of 78 to 97 months. Pursuant to its

agreement, the United States is recommending sentencing at the lower range, 78

months. Neither party has objected to the presentence report.

6.      Significantly, the PSR at paragraphs 6 through 9 discusses the nature and

circumstances of the offense; paragraphs 24 through 38 discuss Mr. Dixon's criminal

history; and paragraphs 39 through 70 discuss the personal characteristics of the

Defendant including his financial condition.

7.      In *Rita v. United States*, ___ U.S. ____, 127 S.Ct. 2456 (2007), the Supreme Court

recognized that "a court of appeals may apply a presumption of reasonableness to a

district court sentence that reflects a proper application of the sentencing guidelines."

*Id.* p. 2462. This is so, in part, because a within guidelines sentence indicates "both

the sentencing judge and the sentencing commission. . .have reached the same

conclusion as to the proper sentence in the particular case." *Id.* p. 2463. Moreover,

Congress has directed the sentencing commission "to write guidelines that will carry

out the. . .[18 U.S.C.] § 3553(a) objectives." *Id.* In fact, the Supreme Court finds

that "it is fair to assume that the guidelines, insofar as practicable, reflect a rough

approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* pp.

2464-2465. However, while this appellate reasonableness presumption "simply

recognizes. . .that when the judge's discretionary decision accords with the Commission's view. . .it is probable that the sentence is reasonable. . ..." The Court further notes that "the sentencing court does not enjoy the benefit of a legal presumption that the guidelines sentence should apply." *Id.* p. 2465. (Citing *United States v. Booker*, 543 U.S. 220, 259-60 (2005)).

8.    In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that mandatory sentencing guidelines violated the Sixth Amendment to the Constitution hence the sentencing guidelines promulgated by the sentencing commission must be advisory only. *Id.* pp. 233, 258-259. Once the sentencing guidelines are understood to be advisory, the Sentencing Reform Act, "requires judges to take account of the guidelines together with other sentencing goals." *Id.* p. 259. The Sentencing Reform Act also "requires judges to consider the guidelines 'sentencing range established for. . .the applicable category of offense committed by the applicable category of defendant. . ..'" *Id.* p. 259. The Sentencing Reform Act also "requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public and effectively provide the defendant with needed education or vocational training and medical care." *Id.* p. 260. Once such a sentence is imposed, it is reviewed to determine whether or not it "is unreasonable with regard to Section 3553(a)." *Id.* p. 261.

9.    Thus, the Supreme Court has recognized that while the sentencing guidelines are advisory, they represent the efforts of the sentencing commission to embody the

factors enunciated in 18 U.S.C. § 3553. Such a sentence will be reviewed to determined whether or not it is unreasonable. *Booker* at 261. In so doing, appellate courts may indulge a presumption of reasonableness "to a district court sentence that reflects a proper application of the sentencing guidelines." *Rita* at 2462.

10.     Yesterday, the Supreme Court issued an opinion stating that courts of appeals must review "all sentences. . .under a deferential abuse of discretion standard." *Gall v. United States*, dn 06-7949. In the course of so holding, the court recognized that "that a district judge must give serious consideration to the extent of any departure from the guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Gall* slip op. _____.

In a companion case, *Kimbrough v. United States*, dn 06-6330, December 10, 2007, the Supreme Court determined that the crack/powder disparity adopted in the United States Sentencing Guidelines has been rendered advisory by the *Booker* decision. *Kimbrough* slip op. _____. In the course of this opinion, the Supreme Court recognized that "a district court's decision to vary from the advisory guidelines may attract greatest respect when the sentencing judge finds a particular case 'outside the heartland to which the commission intends individual guidelines to apply.' *Rita*, 551 U.S., at _____ (slip op. at 12). On the other hand, . . .closer review may be in order when the sentencing judge varies from the guidelines based solely on the judge's view that the guidelines range 'fails properly to reflect § 3553(a) considerations.'" *Kimbrough* slip op. _____ (citation omitted).

11.     Mr. Dixon has entered a guilty plea to possession with intent to distribute 388 grams

of PCP.  This quantity carries a mandatory minimum sentence of five years.  21

U.S.C. § 841(b)(1)(B).  The presentence report addresses in some detail the nature

and circumstances of Mr. Dixon's offense, his criminal history and his personal

characteristics.  Based on the advisory sentencing guidelines and these factors, the

presentence report recommends a sentencing range of 78 to 97 months.  That range

"reflect[s] a rough approximation of sentences that might achieve § 3553(a)'s

objectives."  *Rita* at 2465.  The United States recommends a sentence at the low end

of that advisory range, 78 months.

> RESPECTFULLY SUBMITTED,
> PAUL T. CAMILLETTI
> THOMAS O. MUCKLOW
> SPECIAL ATTORNEYS TO THE UNITED
> STATES ATTORNEY GENERAL
>
> By:    /s/ Paul T. Camilletti
> Paul T. Camilletti
> Thomas O. Mucklow
> Assistant United States Attorneys
> 217 West King Street
> Suite 400
> Martinsburg, WV 25401
> (304) 262-0590

CERTIFICATE OF SERVICE

I, Paul T. Camilletti, Special Attorney to the United States Attorney General for the District

of Columbia hereby certify that on the ____ day of December, 2007, the foregoing United States

Sentencing Memorandum was electronically filed with the Clerk of the Court using the CM/ECF

system which will send notification of such filing to the following:

Mr. Steven J. McCool
Attorney at Law
1776 K. Street, N.W., Suite 200
Washington, D.C. 20006


                                        RESPECTFULLY SUBMITTED,
                                        PAUL T. CAMILLETTI
                                        THOMAS O. MUCKLOW
                                        SPECIAL ATTORNEYS TO THE UNITED
                                        STATES ATTORNEY GENERAL


                        By:     /s/ Paul T. Camilletti
                                Paul T. Camilletti
                                Thomas O. Mucklow
                                Assistant United States Attorneys
                                217 West King Street
                                Suite 400
                                Martinsburg, WV 25401
                                (304) 262-0590